WILLIAMS LAW FIRM, P.C.
Nicholas J. Pagnotta
Alexander T. Tsomaya
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350 Fax: (406) 721-6037
nick@wmslaw.com
alex@wmslaw.com
*Attorneys for Petitioner*
*United Financial Casualty Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, | CV -17-77-BU-SEH |
| Petitioner, | |
| -vs- | **PETITION FOR DECLARATORY JUDGMENT** |
| LEPROWSE CONSTRUCTION, INC., KEVIN STUBER, and IRVIN BLACKTOUNGUE | |
| Respondents. | |

Petitioner United Financial Casualty Company (UFCC), for its Petition for Declaratory Judgment, states and alleges as follows:

**1.** This declaratory judgment action concerns whether insurance coverage exists for a state court action filed in Silver Bow County, Montana, by Respondent Irvin Blacktongue against Respondents

LeProwse Construction, Inc. and Kevin Stuber. UFCC's position is that the underlying action does not fall within its policy's coverage grant, because the vehicle that allegedly struck Respondent Blacktongue is not covered under its policy. Therefore, it has no duty to defend LeProwse Construction or Stuber. And because there is no duty to defend, there cannot be a duty to indemnify.

## I. JURISDICTION AND VENUE

2. As demonstrated below, the Court has jurisdiction under 28 U.S.C. § 1332(a), because there is diversity of citizenship, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. Additionally, venue is appropriate in this Division, and a real case or controversy presents itself to the Court.

### A. There Is Complete Diversity

3. Petitioner UFCC is an Ohio corporation with its principal place of business in Ohio. Therefore, it is an Ohio citizen for jurisdictional purposes.

4. Respondent Blacktongue is a natural person and a citizen of Montana.

5. Respondent LeProwse Construction is a Montana corporation with its principal place of business in Montana. Therefore, it is a

Montana citizen for jurisdictional purposes.

**6.**     Respondent Stuber is a natural person and a citizen of Montana.

**7.**     Because UFCC is not a citizen of Montana, and none of the Respondents are citizens of Ohio, there is complete diversity between the parties.

### B.     The Amount in Controversy Exceeds $75,000

**8.**     This declaratory judgment action arises from the terms of an insurance policy with limits exceeding $75,000.

**9.**     The underlying case alleges Blacktongue sustained personal injuries after being struck by a dump truck from which he sustained "severe injuries to his left foot and leg requiring two (2) surgeries," and after "a third surgery three (3) days later" had his left leg amputated. **Ex. 1**, Underlying Compl. at ¶¶ 8-13.

**10.**   The damages sought in the underlying case exceed $75,000, exclusive of interest and costs. Therefore, the amount in controversy requirement is met.

### C.     Venue Is Appropriate in the Butte Division

**11.**   A substantial part of the events or omissions giving rise to the claims stated below occurred in Silver Bow County, Montana.

**12.**   Silver Bow County is in the Butte Division, so venue is proper in

Page | 3

this Division pursuant to 28 U.S.C. § 1391.

### D.    A Real Case or Controversy Exists

**13.**    A real case or controversy exists between the parties. The case concerns whether UFCC has a duty to defend or indemnify Respondents LeProwse Construction and Stuber against the claims brought by Respondent Blacktongue.

**14.**    UFCC is currently defending LeProwse Construction and Stuber under a reservation of rights. Blacktongue is an interested party as the plaintiff in the underlying case.

**15.**    The Court has the authority to issue the requested declaratory judgment pursuant to 28 U.S.C. § 2201(a).

## II.    DECLRATORY JUDGMENT

### A.    UFCC's Insurance Policy

**16.**    UFCC provided Commercial Auto Insurance Coverage to LeProwse Construction. **Ex. 2**, Policy. The policy number is 03540309-1. *See id.* at Declarations. As relevant here, the policy's effective date is March 24, 2016, to March 24, 2017. *Id.*

### B.    The Underlying Case

**17.**    The underlying case stems from personal injuries claimed by Blacktongue.

**18.**    Blacktongue alleges he was stuck by a dump truck in driven by Stuber in Butte, Montana. Underlying Compl. at ¶¶ 8-11. Blacktongue alleges Stuber was acting in the course and scope of his employment for LeProwse Construction. *Id.* at ¶¶ 37-40.

**19.**    Blacktongue alleges the following theories against Stuber and LeProwse Construction: 1) negligence against Stuber; 2) negligence against LeProwse Construction; 3) negligence per se against Stuber; 4) gross negligence against LeProwse Construction; 5) vicarious liability against LeProwse Construction; and 6) negligent infliction of emotional distress against both Stuber and LeProwse Construction. *See generally id.* Blacktongue alleges he is entitled to punitive damages. *Ibid.*

**20.**    The gross negligence theory is premised on allegations that the dump truck Stuber drove was uninsured. *See id.* at ¶¶ 30-31.

**21.**    UFCC never insured the dump truck.

**22.**    Upon information and belief, LeProwse Construction acquired the dump truck before the applicable policy period.

### C.    The Allegations in the Underlying Case Do Not Fall within the Initial Coverage Grant

**23.**    Because the dump truck was acquired before the applicable policy period and not insured, there is no coverage for the underlying

case's allegations.  The liability coverage section of the policy requires

there be an "insured auto" involved in the accident to apply:

## PART I – LIABILITY TO OTHERS

### INSURING AGREEMENT – LIABILITY TO OTHERS

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**.

Policy at 6.

**24.**   "[I]nsured auto" is a defined term in the policy:

### GENERAL DEFINITIONS

\*\*\*\*

5. "**Insured auto**" or "**your insured auto**" means:

a. Any **auto** specifically described on the **declarations page**; or

b. An additional **auto** for Part I - Liability To Others and/or Part II - Damage To Your Auto on the date **you** become the owner if:

(i) **you** acquire the **auto** during the policy period shown on the **declarations page**;

(ii) **we** insure all **autos** owned by **you** that are used in

**your** business;

(iii) no other insurance policy provides coverage for that **auto**; and

(iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

If **you** add any coverage, increase **your** limits or make any other changes to this policy during the 30 day period after **you** acquire an additional **auto**, these changes to your policy will not become effective until after you ask us to add the coverage, increase your limits or make such changes for the additional auto. We may charge premium for the additional auto from the date you acquire the auto.

\*\*\*\*

Policy at 2-3.

**25.**   The dump truck driven during the accident was not an "insured auto" for coverage to apply because it does not meet this policy definition.

**26.**   For example, the dump truck was not specifically described on the declarations page.

**27.**   The dump truck was not acquired during the policy period, with a notification following in the next 30 days.

**28.**   The dump truck did not replace a specifically described auto on the declarations page.

**29.**   The dump truck was not a temporary substitute for an insured

auto that had been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.

**30.** Because the definition of "insured auto" is not met, the liability section of the policy's coverage grant does not apply

**31.** The policy also does not apply to the punitive damages claim.

**32.** There is no liability coverage available under UFCC's policy for the claims alleged in the underlying action.

**33.** As such, there is no duty to defend, and without a duty to defend, there can be no duty to indemnify.

## REQUEST FOR RELIEF

UFCC requests the following relief:

1.     The Court declare there is no coverage under UFCC's policy for any and all claims in the underlying case, and therefore UFCC owes no duty to defend or indemnify.

2.     UFCC shall be awarded its costs.

3.     The Court enter a judgment that UFCC may recoup defense costs incurred in defending the underlying action.

4.     The Court grant any additional or supplemental relief in which it deems necessary.

DATED this 11th day of October, 2017.

/s/ Nicholas J. Pagnotta
Nicholas J. Pagnotta
Alexander T. Tsomaya
Williams Law Firm, P.C.
*Attorneys for Petitioner United Financial Casualty Company*